AUGUST CARSTENS, APPELLEE, V. JAMES W. ELLER
ET AL., APPELLANTS.

FILED JUNE 19, 1895.   No. 5925.

Conflicting Evidence: REVIEW. In this appeal is involved only
a question of fact determined upon conflicting evidence by the
district court. In such case the judgment will not be reversed.

APPEAL from the district court of Douglas county.
Heard below before IRVINE, J.

*A. S. Churchill* and *J. W. Eller*, for appellants.

*Connell & Ives*, contra.

RYAN, C.

The appellee began this action in the district court of
Douglas county for the foreclosure of a purchase money
real estate mortgage. The appellants, J. W. Eller and
Frances E. Eller, his wife, James W. Logan and his wife,
who made the aforesaid mortgage, defended upon the ground
that the debt secured had been fully paid. The rights of
Mary A. Putney and her husband are based on a subse-
quent mortgage to that on which foreclosure proceedings
were begun, hence they need not be described more at
length.

There is but one question material to the determination
of this appeal, and that is whether a deed, in consideration
of $7,500 made by J. W. Eller and his wife, was delivered
to and accepted by the appellee. If this fact existed, the
mortgage upon which foreclosure proceedings were begun
was fully paid and appellee was not entitled to maintain his
action for the relief indicated. It is quite probable that
the appellee and his wife agreed to accept the conveyance
of the real property above referred to in full discharge of

the balance due upon appellee's mortgage on a part of the property mortgaged. He, however, refused to accept of any payment or receive the deed tendered him until he had consulted his attorney with reference to the title which the proposed deed, when delivered and accepted, would vest in him. Appellee, with Mr. and Mrs. Eller, thereupon together went to said attorney's office and there Mr. Eller submitted the proposed conveyance and other papers for approval. The attorney for appellee, upon various pretexts, avoided passing upon the question submitted for his judgment and succeeded in deferring action until some indefinite day in the future. It is unnecessary to inquire how it happened. It is sufficient to state that after the meeting in the attorney's office appellee refused further to proceed with his trade. There were various efforts upon the part of Mr. Eller to commit appellee to the terms doubtless previously assented to by Carstens, but without success, for the appellee insisted that he had not in law bound himself and did not propose so to do. When foreclosure proceedings were begun Mr. Eller, his wife, and their associates asserted that the deed, when submitted to Mr. Ives, the attorney of appellee, passed the title to said appellee for the reason alleged, that it was tendered and received as a conveyance. Upon this question, which was one of fact, it cannot be claimed that there was less than a conflict of evidence. The district court found adversely to the appellants. This finding was amply sustained by the proofs, and the judgment appealed from is therefore

                                        AFFIRMED.

IRVINE, C., not sitting.